**Decided July 1, 1983**

THE DISTRICT COURT FOR THE

NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

COMMONWEALTH OF THE NORTHERN )
MARIANA ISLANDS, THE ECONOMIC )
DEVELOPMENT LOAN FUND, )    DCA No. 81-9018
                       )    CTC No. 81-05
    Plaintiff-Appellant )
                       )
    v.                 )
                       )       O P I N I O N
CRISTOBAL and RITA INOS, )
                       )
    Defendants-Appellees, )
_____)

Before:  LAURETA and GILLIAM, District Judges, and
         MUNSON*, Designated Judge

         GILLIAM, District Judge:

    The parties appeal from judgment granted on cross-motions

for summary judgment on a promissory note and mortgage,

executed by appellees in favor of appellant.  We find the

trial court misconstrued the nature of the note and

---

*Chief Justice Alex Munson of the High Court of the Trust
Territory of the Pacific Islands, designated by the Chief
Judge of the Northern Mariana Islands Commonwealth Trial Court
to serve as a judge of the Northern Mariana Islands for
purposes of 48 U.S.C. § 1694b.

680

mortgage and reverse on the grounds the statute of limitations does not act as a bar to the foreclosure by appellant.

## I

## FACTS

On July 10, 1974, Cristobal S. Inos and Rita H. Inos executed a promissory note and a mortgage securing the note in favor of the Economic Development Loan Fund (EDLF). The promissory note was for $9,100 payable in 96 equal monthly installments of $115.21 with interest at 5% per annum. The first installment was to have been made on February 10, 1975. The note and mortgage were made for a term of 8 years with a maturity date of January 10, 1983.

Appellants brought an action to foreclose on the note and mortgage on June 22, 1981, after defendants defaulted on the first 77 of 96 installments provided under under the note and mortgage.

On August 6, 1981, defendants filed a motion for summary judgment, admitting the debt and the fact no payment had been made thereon but alleging the action was barred by the statute of limitations. EDLF filed a cross-motion for summary judgment supported by affidavit.

The motions were heard on September 16, 1981. The trial judge granted defendants' motion as to each installment on the note that fell due more than 6 years prior to the filing of EDLF's action; granted EDLF's motion for those installments on the note not falling due more than 6 years prior to the time EDLF filed their complaint; and denied EDLF the right to foreclose on its mortgage applying a six-year statute of

681

limitations.

## II

## DISCUSSION

The trial court held the statute of limitations on the note and mortgage began to run immediately upon default of the first installment of the note. Certain installments under the note and foreclosure of the mortgage were barred under the six-year statute of limitations found applicable under 6 T.T.C. §305.

The note in question provides in part:

"If default be made in the payment when due of any installment, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this Note without notice."

Section 10 of the Mortgage provides:

"If any default shall be made in the payment of any principal installment, interest, or charges or other debts secured thereby . . . the mortgagee may elect, without notice, to enforce all debts secured hereby by foreclosure or otherwise . . ."

A. **The Note**

The trial court relied upon Trigg v. Arnott, 22 C.A.2d 455 (1937) and 12 Am.Jur.2d Bills and Notes §1047 in reaching its conclusion the six-year statute of limitations barred plaintiff from recovering on any installment of principal or interest due on or before June 22, 1975. We feel the trial court erred in failing to consider the present note is secured by real property and contains an acceleration clause making the entire amount of principal and interest payable at the option of EDLF.

"Without some affirmative action on the part of the

682

holder cf a note containing an optional acceleration clause the statute of limitations is not set in motion for the theory of the statute is that the creditor has the full statutory period, whatever that may be, on any day of which he may of his own volition commence an action." Trigg v. Arnott, 22 C.A.2d at 458.

Although the Trigg case goes on to hold certain installments were barred by the four-year statute applicable, the Trigg case dealt with an unsecured note. Hunt v. Smyth, 25 C.A.3d 807, 831, Fn. 7 (1972) states the rule from Trigg that failure to collect installment obligations on an unsecured transaction may bar the collection of such installments. The court then distinguished such an occurrence from the facts present before it and stated the rule is inapplicable because of the security present. See also Sullivan v. Shannon, 25 C.A.2d 422 (1938).

In the instant case, the note was not due to mature until January 10, 1983, or at an earlier date at EDLF's option. EDLF exercised that option by filing the instant proceedings; it was at that time the statute of limitations began to run.

B. The Mortgage

The court below held foreclosure was barred by the statute of limitations which began to run upon the first missed installment payment. The mortgage is simply the security for the underlying debt and gives EDLF the decision as to whether to foreclose or not. For the reasons discussed in the foregoing section, we feel the foreclosure action was not barred.

. . . . .

. . . . .

683

III

CONCLUSION

Since we find the action not barred by any statute of limitations we need not reach the other issues presented on appeal. We reverse and remand for further proceedings consistent with this opinion.

Dated: July 1, 1983

Alfred Laureta, Judge
United States District Court

Earl B. Gilliam, Judge
United States District Court

Alex Munson
Designated Judge